UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:16-CR-081 JD |
| | ) | 3:16-CR-093 JD |
| GREGORY BROWN | ) | |

## OPINION AND ORDER

This matter is before the Court on defendant Gregory Brown's motion to withdraw his plea of guilty. On January 18, 2017, Brown filed a plea agreement in which he agreed to plead guilty to conspiring to distribute over 100 grams of heroin (count one of the superseding indictment in case 3:16-cr-81) and to wire fraud (count one of the indictment in case 3:16-cr-93). In return, the government agreed to dismiss the remaining charges in both indictments, which included two charges alleging that Brown individually distributed heroin on separate occasions, seven counts alleging that Brown engaged in other fraudulent wire transactions, four counts alleging that Brown committed aggravated identity theft (which carry a mandatory consecutive sentence of two years' imprisonment), and one count alleging that Brown used an unauthorized access device (or credit card).

The plea agreement stated that the parties agreed to a "binding 235-month term of imprisonment" which the Court was "bound by" unless it did not accept the recommended sentence, in which case Brown would "have the option to withdraw his plea agreement." [DE 147 at ¶¶ 9(h)(i) and 9(i)]. Despite this binding term, at the change of plea hearing before the magistrate judge, Brown was advised that the agreed upon sentence was merely a "cap," or the maximum sentence that could be imposed—without correction by counsel for either the defendant or the government. Neither party objected to the magistrate judge's report and recommendation, so the undersigned adopted that report and recommendation and accepted

Brown's plea of guilty. Thereafter, Brown's appointed attorney withdrew his appearance based on a conflict of interest because Brown had indicated his desire to withdraw his plea of guilty based upon a claim of ineffective assistance of counsel. Brown's newly appointed counsel then filed the instant motion to withdraw the plea of guilty [DE 255].

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, "A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "The phrase 'fair and just,' being a loose standard rather than a mechanically applied rule, defies universal content, escapes precise delineation and instead derives content solely from the specific circumstances of each case." *United States v. Mosley*, 35 F.3d 569 (7th Cir. 1994) (unpublished); *see United States v. Trussell*, 961 F.2d 685, 688 (7th Cir. 1992). Consistent with this broad view of "fair and just," whether to allow a defendant to withdraw a guilty plea is a decision committed to the discretion of the district court. *United States v. Saenz,* 969 F.2d 294, 296 (7th Cir. 1992). Rule 11 "sets forth the particular admonishments that must be given to insure that a federal criminal defendant has a full understanding of the consequences of pleading guilty." *Id*. (citation omitted). Nevertheless, in "reviewing Rule 11 proceedings, matters of reality and not mere ritual should control" and the court "must strike a balance between a crabbed interpretation that exults form over substance, and an overly technical review which sets a procedural trap for the government." *Saenz*, 969 F.2d at 296 (internal quotations and citations omitted); *see* Fed. R. Crim. P. 11(h) ("Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded."). The central question is whether the defendant, before pleading guilty, was informed of his rights and sufficiently understood the

consequences of the guilty plea. *United States v. LeDonne*, 21 F.3d 1418, 1423 (7th Cir. 1994); *United States v. Price*, 988 F.2d 712, 719 (7th Cir. 1993).

In the motion to withdraw the plea [DE 255], defense counsel argues that Brown's former attorney was ineffective for failing to explain that a binding sentence meant that Brown could not argue for or receive a sentence under 235 months' imprisonment. Brown's counsel suggests that a reasonable sentence is closer to 188 months, which is less than the guideline range of 210-262 months' imprisonment as currently reflected in the presentence report [DE 235 at 24].

The government opposes Brown's motion [DE 265], essentially arguing that Brown knowingly and voluntarily entered a guilty plea after an adequate Rule 11 plea colloquy which apprised Brown of the maximum penalties. The government believes that inaccurate references made by the magistrate judge to a sentencing "cap," was later cured during the plea colloquy when Brown was advised that if the undersigned accepted the binding recommendation, then Brown would be unable to withdraw his plea. Furthermore, the government contends that just because Brown may have underestimated his sentence, such circumstances do not constitute a fair and just reason to permit him to withdraw his guilty plea. Moreover, the government does not believe that Brown can successfully show that his former attorney was ineffective in light of Brown's admissions under oath indicating that he had reviewed the terms of the plea agreement with his attorney and understood the binding nature of the agreement. Notably, no cases relied on by the government in support of its position addresses the present scenario—that is, a defendant who attests that he understands the terms of his plea agreement based on repeated misadvisements as to its binding sentencing consequences without either counsel intervening to clarify the record.

More specifically, two dozen times during the change of plea hearing Brown's "binding" sentence was characterized as a "cap." With respect to the sentencing consequences, the magistrate judge provided the following explanations:

> There's a binding recommendation about a cap, but the Government is also making a recommendation that the Judge take into consideration some other mitigating factors. And if the Government follows that requirement, in other words, they live up to their side of the bargain, and Judge DeGuilio, after he looks at the mitigating factors, doesn't give you a sentence that reflects those mitigating factors but is within the cap that's established, that you're not going to be able to withdraw the plea. If he rejects the cap, you can withdraw that plea, and I'll talk about that in a minute. But if he gives you a more severe sentence than what you expected inside the cap, you're not going to be able to withdraw your plea, as long as he doesn't reject the cap . . .
>
> Now, within that cap, there's some leeway for the Judge to make a decision about the guideline. In other words, he can go up to the cap and give you the full amount of the cap, or potentially he could say, "Well, I think the cap's maybe too much. I want to give him a little bit less," okay. But he also has the authority to say, "I'm going to give him everything up to the cap," right . . .
>
> So, if he decides to give you everything up to the cap and ignores these other mitigating factors . . . you're not going to be able to withdraw your plea because he hasn't violated the terms of the cap . . .
>
> and so I'm trying to point out that the binding part of the plea -- the Court must accept the binding part of the plea. If they don't, you can withdraw your plea. But, in a non-binding part where there's some latitude for the Judge, if the Judge goes up to the max, that is, goes up to your cap that you've agreed to, you know, you're stuck with that. That's his -- you've given the Judge that discretion in the plea agreement, okay.

[DE 259 at 24-26]. The magistrate judge then asked Brown: "As you sit here today, other than the cap, do you have any idea what the sentence is that the Judge is going to issue?" Brown responded in the negative, and the magistrate judge concurred that he, too, didn't know what the sentence would be [DE 259 at 27].

While it is true that a plea agreement may include a "cap," or a maximum term of imprisonment, Brown's plea agreement does *not* contemplate a cap. Rather, as the government

4

acknowledges, the plea agreement that Brown entered into was made pursuant to Rule

11(c)(1)(C). As a result, the plea agreement included Brown's punishment of 235 months'

imprisonment as a binding and essential term, *United States v. Patterson*, 576 F.3d 431, 438 (7th

Cir. 2009); *United States v. Barnes,* 83 F.3d 934, 938–39 (7th Cir. 1996), leaving the

undersigned with the limited options of "accept[ing] the agreement, reject[ing] it, or defer[ing] a

decision until the court has reviewed the presentence report." Fed. R. Crim. P. 11(c)(3)(A). If the

court ultimately accepted the agreement, then "it must inform the defendant that . . . the agreed

disposition [would] be included in the judgment." Fed. R. Crim. P. 11(c)(4). Thus, the court does

not play as great a role as usual in selecting the final sentence, *United States v. Scott*, 711 F.3d

784, 786 (7th Cir. 2013); and in this case, it certainly could not play the role described to Brown

during his change of plea hearing.

The fact that Brown was misadvised that the undersigned had "leeway" to consider the

guidelines, could decide whether the cap was "too much," and could ultimately impose a

sentence "less" than 235 months' imprisonment, without any correction by counsel on the

record, compels the conclusion that Brown did not sufficiently understand the consequences of

his guilty plea. While the government argues that other advisements by the magistrate judge

cured these deficiencies, the Court is unable to agree.

During the plea colloquy, Brown was told that upon acceptance of the 235 month binding

recommendation, Brown could not withdraw his plea. But this advisement was coupled with the

statement that 235 months only represented the highest sentence that the undersigned could

impose unless Brown was first given an opportunity to withdraw his plea. In other words, Brown

was never informed that the agreed upon sentence would have to be included in the judgment,

which is a necessary prerequisite under Rule 11(c)(4). *See United States v. Bennett*, 990 F.2d

5

998, 1002 (7th Cir. 1993) (noting that the court must inform the defendant that the final

judgment will embody the agreed disposition because "critical to a type (A) or (C) agreement is

that the defendant receive the contemplated charge dismissal or agreed-to sentence.").

Moreover, an explanation of the maximum penalties and the role played by the guidelines

did not sufficiently clarify Brown's being advised that he had a right under the plea agreement to

argue for and receive a sentence under 235 months' imprisonment. Although Brown said that he

had read and understood the terms of his plea agreement, those admissions mean little when one

of the essential terms of the agreement with respect to the sentence itself was mistakenly referred

to as the maximum agreed upon sentence throughout the change of plea colloquy. Ultimately,

compliance with Rule 11 in the other respects identified by the government did not undo the

repeated characterization of Brown's binding sentence as a "cap," which affected Brown's

substantial rights by not properly advising him of his plea consequences. *See*, Fed. R. Crim. P.

11(h). Accordingly, the Court finds that Brown has presented a fair and just reason for

withdrawing his plea, Fed. R. Crim. P. 11(d)(2)(B),[1] so his motion [DE 255] is GRANTED and

his plea of guilty is WITHDRAWN.

The parties are DIRECTED to confer and file a joint status report by the close of business

on August 4, 2017 and indicate how they intend to proceed with the disposition of this case,

whether by way of a plea or trial.

---

[1] The Court recognizes that Brown's motion questions the effectiveness of his former attorney. While ineffective assistance of counsel can create a "fair and just" basis for allowing a defendant to withdraw his plea, *see*, *e.g.*, *United States v. Wallace*, 276 F.3d 360, 366 (7th Cir. 2002), that determination need not be made in this case given the problems identified with the plea colloquy which, even if inadvertent, were not harmless. *See* Fed. R. Crim. P. 11(h).

SO ORDERED.

ENTERED:  July 26, 2017


                                        /s/ JON E. DEGUILIO
                                Judge
                                United States District Court